**LI FANG LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

**No. 08–1310–ag.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2008.

Andre Sobolevsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Keith I. McManus, Senior Litigation Counsel, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Li Fang Liu, a native and citizen of the People's Republic of China, seeks review of a February 19, 2008 order of the BIA dismissing her appeal of an Immigration Judge's ("IJ") March 21, 2007 denial of her motion to reopen her removal proceedings. *In re Li Fang Liu,* No. A79 424 563 (B.I.A. Feb. 19, 2008), *dismissing* No. A79 424 563 (Immig. Ct. N.Y. City Mar. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We ordinarily review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, however, we lack jurisdiction to consider Liu's petition for review because she failed to exhaust her administrative remedies, as she failed to file a timely appeal of the IJ's denial of her motion to reopen before the BIA.* *See Poole v. Mukasey,* 522 F.3d 259, 264 (2d Cir.2008).

---

* The regulations provide that a notice of appeal of an IJ's decision must generally be filed with the BIA within 30 days of the IJ's decision, and that the date the BIA received the

We further note that Liu's brief, prepared by counsel Andre Sobolevsky, is of extremely poor quality. The brief Sobolevsky submitted purports to challenge an adverse credibility determination where no such determination was ever made. Indeed, Liu had been ordered removed *in absentia*. The brief further argues the merits of an asylum claim, even though the instant petition for review arose from the IJ's denial of a motion to reopen. The use of boilerplate language is an acceptable, and even desirable component of legal writing. However, the brief in this case contains boilerplate that has nothing to do with the petitioner's case. Briefing of this quality is unacceptable. Attorney Sobolevsky is referred to the Court's Grievance Panel.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

notice of appeal is considered the filing date. *See* 8 C.F.R. § 1003.38(b), (c); *Poole*, 522 F.3d at 262–63. Here, the IJ issued his denial of Liu's motion to reopen on March 21, 2007.

Liu had until April 20, 2007, to file her appeal, but the BIA did not receive it until April 25, 2007.