**CHUN QU ZHANG, Also Known as Zhang Chun Qu, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–0585–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

178

Andre Sobolevsky, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, SONIA SOTOMAYOR and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Qu Zhang, a native and citizen of the People's Republic of China, seeks review of the January 9, 2008, order of the BIA affirming the January 18, 2006, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Qu Zhang,* No. A98 222 043 (B.I.A. Jan. 9, 2008), *aff'g* No. A98 222 043 (Immig.Ct.N.Y.City, Jan. 18, 2006). We assume the parties' familiarity

with the underlying facts and procedural history in this case.

When the BIA affirms and supplements the IJ's decision but does not adopt the IJ's adverse credibility determination, we review both the BIA's and the IJ's decisions, minus the IJ's credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA assumed Zhang's credibility but found that he had nonetheless failed to meet his burden of proof.

Ordinarily, we would review that burden finding. Unfortunately, however, Zhang has not challenged it. Instead, he purports to challenge the IJ's adverse credibility determination, a determination that played no part in the BIA decision under review. We note, moreover, that Zhang's arguments—that the IJ erred in requiring additional corroborating evidence and relying on an airport interview—do not address the actual bases of the IJ's adverse credibility determination where the IJ did not find that Zhang submitted insufficient corroboration and the record does not even include mention of an airport interview.

Zhang's brief, prepared by counsel Andre Sobolevsky, is of such poor quality that it waives *any* challenge to the BIA's decision.[1] A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC,* 406 F.3d 179, 186 (2d Cir.2005). A petitioner waives an argument where, as here, he points to no error in the agency's findings and devotes only a single, conclusory sentence to challenging the agency's denial of relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

1. In light of the extreme inadequacy of the brief prepared by counsel, we refer the case to the Court's Grievance Panel for further consideration.

We note that the government's brief asserted waiver only with regard to any argument that the Petitioner had established a well-founded fear of future persecution. *See* Respondent's Br. at 17 n. 13. We find, however, that the Petitioner also waived review of the issue whether he satisfied his burden of proof in demonstrating past persecution. As we have repeatedly said, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) (citing *Frank v. United States,* 78 F.3d 815, 832–33 (2d Cir.1996)). Having reviewed the record, we see no reason to depart from this approach in the circumstances of this case. *Shakur v. Selsky,* 391 F.3d 106, 119 (2d Cir.2004) ("[A] court of appeals will not consider [a waived] argument unless it has reason to believe that manifest injustice would result otherwise." (internal quotation marks omitted) (quoting *United States v. Joyner,* 313 F.3d 40, 44 (2d Cir.2002))).

Because Zhang waived any argument that he demonstrated a well-founded fear of persecution for the purposes of his asylum claim, he has also waived his challenge to the denial of his claim for withholding of removal, which demands a higher burden of proof. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, by failing to raise his CAT claim in any meaningful way in his brief to this Court, Zhang has waived that claim as well. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.