**CHANG XIN LIN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 07–5762–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2008.

Andre Sobolevsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Chang Xin Lin, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA dismissing his appeal of an Immigration Judge's ("IJ") March 9, 2007 denial of his motion to reopen his exclusion proceedings. *In re Chang Xin Lin,* No. A29 791 445 (B.I.A. Nov. 30, 2008), *dismissing* No. A29 791 445 (Immig. Ct. N.Y. City Mar. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

The Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in his country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of his hearing before the IJ. 8 U.S.C. § 1229a (c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here,

Lin's motion to reopen was undisputably untimely, as it was filed with the BIA almost 12 years after the IJ issued an *in absentia* order excluding Lin from the United States.

Lin asserts that the BIA failed to consider his evidence of changed country conditions; but none of the documents submitted with his motion to reopen establishes changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

■ Lin argues that the agency erroneously failed to consider whether his fear of sterilization was reasonable; but the reasonableness of his fear is not relevant here, as he has not submitted any evidence of changed conditions in China sufficient to warrant the reopening of his proceedings. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, we lack jurisdiction to consider his argument that the BIA should have reopened his proceedings *sua sponte*, because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006); *Cyrus v. Keisler*, 505 F.3d 197 (2d Cir.2007).

■ Finally, Attorney Sobolevsky is referred to the Court's Grievance Panel. The brief prepared by Lin's attorney: (1) refers to evidence that was never submitted; (2) refers to arguments that were never made before the agency; (3) contains boilerplate that has nothing to do with Lin's case; and (4) contains passages that are unintelligible.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).