**GUI XING WANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1701–ag.

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

Andre R. Sobolevsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Ernesto H. Molina, Assistant Director, Drew C. Brinkman, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Gui Xing Wang, a native and citizen of China, seeks review of a March 21, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Gui Xing Wang,* No. A78 694 945 (B.I.A. Mar. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We ordinarily review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Here, however, the brief submitted by Petitioner's counsel waives any issue this court has the power to review. *See Nwogu v. Gonzales,* 491 F.3d 80, 83–84 (2d Cir.2007) (per curiam).

In his motion to reopen, Petitioner argued that he received deficient representation from his former attorney because he failed adequately to review and present to the IJ, the supporting documentary evidence that Petitioner provided to him. The BIA found that his motion was untimely and declined to consider Petitioner's assertions that he received ineffective assistance from prior counsel where he failed to exercise due diligence in pursuing his case. In his brief to this Court, however, Petitioner does not challenge the agency's ineffective assistance of counsel finding, thereby forfeiting any such argument. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Wang argues instead that: (1) the agency erred in affirming the IJ's adverse credibility determination because it was not supported by substantial evidence; and (2) he suffered past persecution in China and country conditions there remain unchanged, such that he has a well founded fear of future persecution. To the extent these arguments address the IJ's 2000 decision and the BIA's 2003 order, we lack jurisdiction to review them. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001).

This is at least the fourth petition for review filed by Attorney Andre Sobolevsky which we have denied or dismissed because he waived all relevant arguments. *See, e.g., See Li Fang Liu v. Mukasey*, U.S.C.A. Dkt. No. 08–1310–ag; *Chun Qu Zhang*, U.S.C.A. Dkt. No. 08–0585–ag; *Bao Hua Xiao*, U.S.C.A. Dkt. No. 08–1244–ag. As we have previously, we therefore refer Attorney Sobolevsky to the Court's Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.