*61 OPINION OF THE COURT
Per Curiam.
Respondent Andre R. Sobolevsky was admitted to the practice of law in the State of New York by the Fourth Judicial Department on February 22, 1985, under the name Andre Rafael Sobolevsky. At all times relevant to this proceeding, he maintained an office for the practice of law in the First Department.
The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.3, imposing reciprocal discipline on respondent based on an order issued by the United States Court of Appeals for the Second Circuit, dated July 8, 2011 (430 Fed Appx 9 [2d Cir 2011]), publicly reprimanding him and suspending him from the practice of law for a period of two years. The Committee requests that this Court suspend respondent for two years, or impose whatever discipline it deems appropriate. Respondent, appearing pro se, consents to the imposition of reciprocal discipline.
The Second Circuit proceeding concerned charges that respondent: (1) submitted deficient briefs in seven immigration matters; (2) failed to comply with numerous scheduling orders, including failing to submit briefs in support of immigration petitions; and (3) filed with the Second Circuit petitions that involved immigration proceedings completed in other circuits. Respondent, pro se, submitted a response in June 2009, offering a variety of explanations for his lapses: a large influx in immigration petitions arising from family planning laws in China; the onset of glaucoma in 2008; his inability to bear the expense of filing briefs where clients had abandoned their cases; law office disruptions due to his moving his law office and problems with receiving mail; and procedural changes in the Second Circuit’s management of its immigration docket.
When respondent informed the Second Circuit’s Committee on Admissions and Grievances that he waived his right to appear at a hearing and did not intend to present witnesses on his behalf, but would rely on his July 2009 response, the Committee issued a report without holding a hearing, relying on court records and respondent’s submissions. It concluded that respondent had submitted briefs of “shockingly poor quality,” replete with defects such as incorrect clients’ names, inclusion of irrelevant boilerplate, and reference to evidence that had not been submitted. It observed that respondent’s explanation that he had relied on a paralegal for some of his work, and had filed that work without reviewing it, constituted an admission that *62 he had aided the unauthorized practice of law in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]) and failed to supervise nonlawyer staff acting at his direction, in violation of DR 1-104 (c) and (d) (22 NYCRR 1200.5 [c], [d]). It found that respondent had neglected numerous matters in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), resulting in the dismissal of seven petitions. It also found that most of his filing of petitions in the wrong circuit resulted from a failure to read the records and, in any event, showed a lack of respect for and lack of candor toward the court. The Committee on Admissions and Grievances recommended a two-year suspension, with respondent required to present evidence of attendance at CLE classes in brief-writing and law office management before being permitted to resume practice.
The Second Circuit adopted the Committee’s recommendations, publicly reprimanding respondent and suspending him for two years, and imposing the recommended reinstatement requirements.
The rule regarding the imposition of reciprocal discipline, 22 NYCRR 603.3 (c), provides that upon a showing of a foreign jurisdiction’s imposition of a disciplinary sanction on a member of the bar, the only defenses that may be raised by the respondent are: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Hoffman, 34 AD3d 1 [2006]). Not only does respondent decline to contest the application for reciprocal discipline, but review of the record establishes that respondent was afforded due process, that sufficient evidence established his misconduct, and that the findings determined violations of this State’s disciplinary rules. The imposition of reciprocal discipline is therefore appropriate.
In deciding on the appropriate sanction in reciprocal discipline matters, it is generally accepted that great weight should be accorded to the sanction imposed by the jurisdiction in which the charges were originally brought (see Matter of Jaffe, 78 AD3d 152 [2010]; Matter of Jarblum, 51 AD3d 68 [2008]). The two-year suspension imposed by the Second Circuit does not deviate significantly from our precedent, in which we have suspended attorneys who have neglected client matters and failed to handle caseloads appropriately (see e.g. Matter of Cohen, 40 AD3d 61 [2007]; Matter of Leavitt, 291 AD2d 37 [2002]).
*63 Accordingly, the Committee’s petition should be granted and respondent suspended from the practice of law in the State of New York for a period of two years, and until further order of the Court.
Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of two years, effective 30 days from the date hereof and until further order of this Court.