19-205-cv
*Marentette v. City of Canandaigua*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
PETER W. HALL,
RICHARD J. SULLIVAN,
*Circuit Judges*.

---

MARK MARENTETTE,

*Plaintiff-Appellant*,

v.                                                          No. 19-205-cv

CITY OF CANANDAIGUA, NEW YORK; TED ANDRZEJEWSKI, INDIVIDUALLY AND AS CITY MANAGER OF CITY OF CANANDAIGUA; JOHN GOODWIN, INDIVIDUALLY AND AS ASSISTANT CITY MANAGER, BUDGET DIRECTOR, CITY MANAGER, AND DESIGNATED APPOINTING AUTHORITY OF CITY OF CANANDAIGUA; NANCY ABDALLAH, INDIVIDUALLY AND AS CLERK/TREASURER OF CITY OF CANANDAIGUA,

*Defendants-Appellees*.[1]

---

[1] The Clerk of Court is directed to amend the caption to conform to the above.

1

For Plaintiff-Appellant:                     KEVIN W. CONNELL (Michael Thomas
                                             Harren, *on the brief*), Trevett Cristo Salzer &
                                             Andolina P.C., Rochester, NY.

For Defendants-Appellees:                    JENNA WHITE KLUCSIK, Sugarman Law Firm,
                                             LLP, Syracuse, NY.

Appeal from a judgment entered on January 9, 2019 in the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-appellant Mark Marentette appeals the district court's order granting summary judgment to defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

From March 2011 through April 2017, Marentette served as Fire Chief for the City of Canandaigua, New York. In early 2017, several disciplinary charges were lodged against him. Following a contested evidentiary hearing (at which Marentette was represented by counsel), a Hearing Officer found that "substantial evidence" supported several of the charges and recommended that Marentette be demoted. Defendant-appellant John Goodwin, then the Assistant City Manager, adopted the Hearing Officer's findings of fact but decided to terminate rather than demote Marentette.

Marentette sought reinstatement and back pay by way of an Article 78 petition filed in New York State Supreme Court. *See* N.Y. C.P.L.R. § 7801 *et seq.* In his petition, Marentette contended that New York statutory law and the Due Process Clause of the Fourteenth Amendment both require that for-cause termination decisions be based upon a preponderance of the evidence, rather than substantial evidence. The Supreme Court transferred the matter to the

2

Appellate Division, Fourth Department pursuant to C.P.L.R. § 7804(g). In his brief to that court, Marentette renewed his argument that termination based on substantial evidence violates due process. The Fourth Department rejected Marentette's challenge, concluding that "due process requires application of the preponderance of the evidence standard only when the penalty of dismissal is accompanied by some added stigma," which the court found was not present in this case. *Marentette v. City of Canandaigua*, 73 N.Y.S.3d 823, 825 (4th Dep't 2018).[2]

While the Article 78 proceeding was pending, Marentette commenced a separate action in state court for damages against the City of Canandaigua and several city officials pursuant to 42 U.S.C. § 1983, alleging that the defendants had denied him due process by firing him based on substantial evidence. Defendants removed the case to federal court. After the Fourth Department issued its decision, the parties cross-moved for summary judgment on the due process claims. The district court granted summary judgment to defendants, concluding that Marentette was collaterally estopped from re-litigating his due process claims and that, in the alternative, he was afforded adequate process.[3]

Marentette died on January 9, 2019, the same day judgment was entered in the district court. His counsel then filed a timely notice of appeal on Marentette's behalf, as permitted by Federal Rule of Appellate Procedure 43(a)(2). However, Marentette's counsel made no motion to substitute a personal representative. *See* Fed. R. App. P. 43(a)(1)–(2). In fact, counsel neglected

---

[2] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

[3] Marentette also claimed that defendants had violated his First Amendment right to petition the government by requiring him to communicate with the City only through an attorney. The district court granted defendants judgment on the pleadings as to this claim and Marentette has abandoned it on appeal.

even to inform this Court that Marentette had died. That notice was instead provided by defendants, who filed a statement of death on February 8, 2019.

Inexplicably, although defendants noticed Marentette's death on the record months before any briefing was due, Marentette's counsel still made no motion for substitution, nor did they mention the death in the opening brief. Even after defendants raised the issue again in the response brief and asked this Court to dismiss the appeal on that basis, Marentette's counsel refused to acknowledge the problem in the reply brief. It was not until December 17, 2019—over eleven months after their client had died, two months after briefing was completed, and less than one month from the date scheduled for oral argument—that counsel first acknowledged Marentette's death and moved for substitution of his ex-wife, Ann Hamming. That motion was based on counsel's expectation that Hamming would be appointed as administratrix of Marentette's estate prior to oral argument. Defendants opposed the motion to substitute and cross-moved for dismissal of the appeal.

Then, on January 8, 2020—now only about a week prior to oral argument—Marentette's counsel informed this Court that it was Marentette's daughter (who had only recently reached the age of majority and thus become eligible) who would be appointed administratrix. Yet the documents submitted indicate that Marentette's daughter turned 18 on July 3, 2019—months before Marentette's counsel ever moved for substitution. Moreover, counsel conceded at oral argument that the daughter's application to serve as administratrix had not yet been approved. He represented that it would be approved imminently and that he would transmit the papers confirming her appointment to this Court within a week. However, on January 31, 2020, counsel filed a letter indicating that the appointment was still merely pending. Neither this letter, nor the

4

two attached attorney affirmations, offered a timeline by which we might expect the appointment to be complete.

It has now been several weeks since oral argument. We have before us no qualified representative to prosecute this appeal. We therefore find it necessary to dismiss this appeal "base[d] on the inherent power of this Court to manage and control its docket." *Johnson v. Morgenthau*, 160 F.3d 897, 899 (2d Cir. 1998) (per curiam). Defendants-appellees' motion to dismiss the appeal with prejudice, ECF No. 89, is granted. Plaintiff-appellant's motion to substitute, ECF No. 85, is denied.

We feel obliged to note our concern at what appears to be a lack of candor on the part of Marentette's counsel, Michael Thomas Harren and Kevin Connell, in proceedings before this Court. Their failure to notify the Court about Marentette's death for more than 11 months, even after defendants repeatedly raised the issue, is inexcusable, as is their failure to timely move for substitution of a qualified representative. Furthermore, we are not satisfied by the explanations offered in counsel's most recent letter. Under the circumstances, we find it appropriate to refer attorneys Harren and Connell to the Court's Grievance Panel. *See Li Fang Liu v. Mukasey*, 296 F. App'x 162, 164 (2d Cir. 2008) (summary order).

Accordingly, the appeal is **DISMISSED** with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5